# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES J. DUFFY, JR., | ) |
| Plaintiff, | ) Case No. 2:11-cv-01399-PMP-CWH |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

     This matter is before the Court on Defendant's Motion to Compel Written Discovery (#9), filed May 31, 2012, and Plaintiff's Response (#10), filed June 17, 2012.

     Pursuant to Local Rule ("LR") 26-7, "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." *See* LR 26-7(a) (emphasis added). Defendant neither "set forth in full the text of the discovery originally sought" nor attached copies of the discovery it seeks to compel. Thus, Defendant's motion is incomplete as submitted and must be denied.

     Normally, if a motion to compel made pursuant to Fed. R. Civ. P. 37 is denied, the movant is required to pay the opposing party the reasonable expenses incurred in opposing the motion, including attorney fees. Fed. R. Civ. P. 37(a)(5)(B). However, "if the motion was substantially justified" a court must not order payment. Here, Plaintiff concedes that responses had not been provided prior to the filing of the motion. Thus, Defendant's motion was substantially justified at the time it was filed even if, as Plaintiff claims, responses have now been provided. Consequently, the parties shall bear their own fees in relation to this motion.

     Based on the foregoing and good cause appearing therefore,

1  **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Written Discovery (#9)
2  is **denied**.
3  DATED this 21st day of June, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**